IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSHA C. WILLIAMS, | ) | |
|     Petitioner, | ) | Civil Action No. 11-92 Erie |
| | ) | |
| v. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| COMMONWEALTH, et al., | ) | |
|     Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that Respondents' motion to dismiss the habeas petition because Petitioner's claims are not cognizable under Stone v. Powell, 428 U.S. 465 (1976) [ECF No. 19] be denied, but that the Court dismiss this case without prejudice because Petitioner is exhausting his state court remedies. It is further recommended that a certificate of appealability be denied.

**II.    REPORT**[1]

    **A.     Relevant Background**

On May 13, 2006, Petitioner was charged with Possession of a Controlled Substance, Possession of a Controlled Substance with Intent to Deliver, Possession of Drug Paraphernalia, and Driving while Operating a Suspended or Revoked License.

On August 8, 2006, Petitioner, through his attorney John J. Mead, Esquire, filed a motion to suppress evidence seized from Petitioner's person and from his vehicle. (CP Dkt. No. 4). The

---

[1]     Respondents have submitted the Common Pleas Court's file, which contains documents that were filed with that court through July 21, 2011. Those documents shall be cited to as "CP Dkt. No. __." The undersigned also relied upon information on the Common Pleas Court's docket, and on the docket of the Superior Court of Pennsylvania, which are both available to the public and which contain more recent information as to the status of Petitioner's state court litigation.

1

Honorable William R. Cunningham presided over an evidentiary hearing on September 1, 2006. On November 11, 2006, he issued an Opinion and Order in which he denied the motion to suppress. (CP Dkt. No. 10).

On April 9, 2007, a jury found Petitioner guilty of all counts. He filed an appeal with the Superior Court of Pennsylvania, in which he raised the following two challenges to the suppression court's ruling:

1. Whether the Court of Common Pleas erred and/or abused its discretion in denying his motion to suppress evidence based on his illegal arrest, and allowing into evidence $600 cash found on his person, and crack cocaine found in his vehicle, at trial;

2. Whether the Court of Common Pleas erred and/or abused its discretion in denying his motion to suppress evidence based on the illegal seizure of his vehicle from his driveway, and allowing into evidence crack cocaine subsequently seized from his vehicle.

On August 4, 2010, the Superior Court, which considered the appeal *en banc*, affirmed Petitioner's judgment of sentence in a 5-3 decision. Commonwealth v. Williams, 2 A.3d 611 (Pa.Super. 2010). Judge Bowes wrote the Opinion for the majority of the court, and Judge Bender filed the Dissenting Opinion. The Supreme Court of Pennsylvania denied a petition for allowance of appeal on March 29, 2011.

Soon thereafter, Petitioner commenced proceedings in the Court of Common Pleas under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. He claims that his counsel provided him with ineffective assistance in matters related to litigating the suppression issues, in violation of his Sixth Amendment rights. The Honorable Shad Connelly held an evidentiary hearing, and on October 27, 2011, he issued an Opinion and Order denying Petitioner's ineffective assistance claims on the merits. Petitioner has appealed Judge Connelly's decision to the Superior Court. See Commonwealth v. Williams, 1791 WDA 2011 (Pa.Super.).

In the meantime, Petitioner commenced federal habeas proceedings in this Court by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He contends, as he did in the state court on direct review and in his PCRA proceeding, that the evidence seized from his person and his car should have been suppressed.

### B. Discussion

Pending before the Court is Respondents' motion to dismiss the habeas petition because Petitioner's claims are not cognizable under Stone v. Powell, 428 U.S. 465 (1976). [ECF No. 19]. In that case, the U.S. Supreme Court examined the nature of the exclusionary rule, which it characterized as a "judicially created means of effectuating the rights secured by the Fourth Amendment," and balanced its utility as a deterrent against the risk of excluding trustworthy evidence and thus "deflect[ing] the truthfinding process." Id. at 482. Finding that, as to collateral review, the costs of the exclusionary rule outweighed the benefits of its application, the Court concluded that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. at 494.

Respondents are correct that any Fourth Amendment claims that Petitioner seeks to raise would be subject to the holding in Stone v. Powell. However, giving Petitioner the benefit of the doubt as a *pro se* litigant, it appears that it is his intent to raise, *inter alia*, the same claims that he is currently litigating in his PCRA proceeding – that he was denied his Sixth Amendment right to effective assistance of counsel in matters related to litigating the suppression issues. (See Petition, ECF No. 7 at 6, where Petitioner indicates that he raised his claims on direct review, but also that he intends to raise

them in a PCRA petition. See also Response to Motion to Dismiss, ECF No. 22 at 13-14). Therefore, Respondents' motion to dismiss the petition under Stone v. Powell should be denied.

The petition should be dismissed without prejudice, however, because Petitioner is currently litigating at least some of the claims at issue here in his PCRA proceeding. A state prisoner must complete the exhaustion of his available state court remedies before a federal district court may determine the merits of his federal habeas corpus claims. 28 U.S.C. § 2254(b)(1)(A). Therefore, the general rule is that when a petitioner seeking federal habeas relief is at the same time exhausting his state court remedies, the federal court should dismiss the case before it without prejudice. Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). See also O'Sullivan v. Boerckel, 526 U.S. 838, 842-49 (1999). The requirement is:

> principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-491, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973). Under our federal system, the federal and state "courts [are] equally bound to guard and protect rights secured by the Constitution." Ex parte Royall, 117 U.S. [241, 251, 6 S.Ct. 734, 740 (1886)]. Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950). See Duckworth v. Serrano, 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981) (per curiam) (noting that the exhaustion requirement "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights").

Rose, 455 U.S. at 517 (footnote omitted).[2]

Accordingly, because Petitioner currently is exhausting his state court remedies, his petition for a writ of habeas corpus should be dismissed without prejudice and this case should be closed.

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether the petition for a writ of habeas corpus should be denied because Petitioner is still exhausting his state court remedies. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Respondents' motion to dismiss the habeas petition because Petitioner's claims are not cognizable under Stone v. Powell, 428 U.S. 465

---

[2] District courts have the authority to stay and abey federal habeas cases in accordance with Rhines v. Weber, 544 U.S. 269 (2005), but there is no reason to do so in this case.

(1976) [ECF No. 19] be denied; that the petition for a writ of habeas corpus be dismissed without prejudice; and, that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge


Dated: December 9, 2011

cc: The Honorable Sean J. McLaughlin
United States District Judge